NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEIDY PATRICIA ESQUIVEL RUBINOS,<br><br>Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 18-71360<br><br>Agency No. A099-581-763<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 10, 2022
Seattle, Washington

Before:  IKUTA and COLLINS, Circuit Judges, and FITZWATER,** District Judge.

Petitioner Jeidy Patricia Esquivel Rubinos, a citizen of Guatemala, petitions

for review of a decision by the Board of Immigration Appeals ("BIA") denying her

motion to reopen her removal proceedings so that she could pursue a renewed

application for cancellation of removal.  We have jurisdiction under § 242 of the

Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252.  *See Kucana v.*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

*Holder*, 558 U.S. 233, 253 (2010). We deny the petition in part and dismiss it in part.

1. The INA generally requires a motion to reopen to be filed within 90 days of entry of the final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). The INA contains an exception to that 90-day time limit for any motion to reopen "to apply for relief under sections 1158 [INA § 208] or 1231(b)(3) [INA § 241(b)(3)]"—*i.e.*, to apply for asylum or withholding of removal. *Id.* § 1229a(c)(7)(C)(ii). Rubinos conceded at oral argument that there is no comparable statutory exception for a motion to reopen to apply for cancellation of removal under § 240A of the INA and that her only basis for seeking reopening under the INA was to fit within the statutory requirements for reopening to seek asylum and withholding. She contends, however, that her motion to reopen *did* satisfy those requirements and that, once her removal proceedings are reopened for asylum purposes, her renewed application for cancellation of removal may also then be considered. Even assuming *arguendo* that this latter contention is correct, we conclude that the BIA did not abuse its discretion in concluding that the statutory requirements for reopening were not satisfied here. *See Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) (stating that we review for abuse of discretion whether exception to the 90-day time limit has been satisfied).

To establish the statutory exception to the 90-day time limit, Rubinos had to

2

show, *inter alia*, that her motion was based on "changed country conditions arising in the country of nationality or the country to which removal has been ordered"; that "such evidence is material" to a renewed asylum or withholding application; and that such evidence was "not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA concluded that Rubinos had failed to show a material change in country conditions in Guatemala because the evidence submitted with her motion to reopen showed only "a continuation of the civil strife and criminal activity that existed at the time" of her removal hearing in 2011. This conclusion was not an abuse of discretion. The only evidence of changed country conditions that Rubinos presented with her motion consisted of the U.S. State Department's 2016 Country Report on Human Rights Practices for Guatemala. Although the 2016 Report presents a distressing picture of the general level of violence and corruption in Guatemala, the BIA did not abuse its discretion in concluding that the general situation it describes was not materially different from that depicted in the State Department's 2008 Human Rights Report for Guatemala, which had been received and considered at Rubinos' removal hearing. Accordingly, Rubinos did not satisfy the statutory prerequisites for filing a motion to reopen beyond the normal 90-day time frame.

　　2. Even where the statutory prerequisites for reopening have not been met,

3

the BIA retains discretion to reopen proceedings *sua sponte*. *Bonilla v. Lynch*, 840 F.3d 575, 585 (9th Cir. 2016) (citing 8 C.F.R. § 1003.2(a)). We lack jurisdiction to review such discretionary denials of *sua sponte* reopening except "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Id*. at 588. We discern no such legal or constitutional error.

Rubinos contends that the BIA committed legal error by overlooking the evidence she submitted concerning her daughter's health issues, inasmuch as the BIA's order only specifically discusses her son's health issues. But the BIA expressly stated that it had "considered the evidence submitted," and its specific discussion of the son's circumstances is thus properly understood as illustrative rather than exhaustive. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2022) ("[T]he BIA does not have to write an exegesis on every contention." (simplified)). In any event, Rubinos did not overcome the legal presumption that the BIA considered all the evidence submitted. *See Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095 (9th Cir. 2000). Rubinos also argues that the BIA committed legal error by stating, in denying reopening, that it lacks authority to "grant relief from *removal* solely on equitable or humanitarian grounds" (emphasis added). But it is not error for the BIA to observe, in denying *sua sponte* reopening, that the motion, at best, would establish points that do not provide a ground for relief from removal. *See INS v. Abudu*, 485 U.S. 94, 104 (1988).

4

Because the BIA did not commit legal or constitutional error, we lack jurisdiction to review its denial of *sua sponte* reopening. *Bonilla*, 840 F.3d at 588.

**DENIED IN PART AND DISMISSED IN PART.**